# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **JANUARY 2026**    00078 |
| E-Filing Number: 2512059048 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| JOHN DOE | CITY OF PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 1425 WALNUT ST. SUITE 200<br>PHILADELPHIA PA 19102 | 1515 ARCH ST.<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | PHILADELPHIA POLICE DEPARTMENT |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 400 N. BROAD ST.<br>PHILADELPHIA PA 19130 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | EAST DETECTIVES |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 3901 WHITAKER AVENUE<br>PHILADELPHIA PA 19124 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | |
| --- | --- | --- | --- |
| 1 | 9 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
| --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
| --- |
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
| --- | --- | --- |
| | **FILED**<br>**PRO PROTHY**<br><br>JAN **02** 2026<br><br>**B. BALILONIS** | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOHN DOE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| DALTON SPITZNOGLE | 1425 WALNUT STREET, SUITE 200<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
| --- | --- |
| (267)367-6440 | none entered |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 336605 | dalton@fandllaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| *DALTON SPITZNOGLE* | Friday, January 02, 2026, 09:40 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. CITY OF PHILADELPHIA
   1515 ARCH ST.
   PHILADELPHIA PA 19102
2. PHILADELPHIA POLICE DEPARTMENT
   400 N. BROAD ST.
   PHILADELPHIA PA 19130
3. EAST DETECTIVES
   3901 WHITAKER AVENUE
   PHILADELPHIA PA 19124
4. GREG KOVAKS
   3901 WHITAKER AVENUE
   PHILADELPHIA PA 19124
5. MATTHEW HAGY
   3901 WHITAKER AVENUE
   PHILADELPHIA PA 19124
6. ROGER BILLUPS
   3901 WHITAKER AVENUE
   PHILADELPHIA PA 19124
7. MICHAEL CURET
   3901 WHITAKER AVENUE
   PHILADELPHIA PA 19124
8. JOHN DOE (1-10)
   3901 WHITAKER AVENUE
   PHILADELPHIA PA 19124
9. ABC CORPORATION (1-10)
   3901 WHITAKER AVENUE
   PHILADELPHIA PA 19124

**Austin R. Freundlich, Esquire (I.D. # 205670)**
**A. Dalton Spitznogle, Esquire (I.D. # 336605)**
**Gregory C. Littman, Esquire (I.D. # 306806)**

**Freundlich & Littman, LLC**
**1425 Walnut Street, Suite 200**
**Philadelphia, PA 19102**
**(215) 545-8500**

NOTICE TO PLEAD: You are hereby given
Notice to file a written response to the enclosed
within 20 days or suffer Judgment by Default



**Attorneys for Plaintiffs**

| | |
|---|---|
| JOHN DOE | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiffs, | |
| | |
| v. | Case No. |
| | |
| CITY OF PHILADELPHIA | |
| 1515 Arch Street | |
| Philadelphia, PA 19102 | JURY TRIAL DEMANDED |
| | |
| PHILADELPHIA POLICE DEPARTMENT | |
| 400 N. Broad Street | |
| Philadelphia, PA 19130 | |
| | |
| EAST DETECTIVES | |
| 3901 Whitaker Avenue | |
| Philadelphia, PA 19124 | |
| | |
| GREG KOVAKS | |
| 3901 Whitaker Avenue | |
| Philadelphia, PA 19124 | |
| | |
| MATTHEW HAGY | |
| 3901 Whitaker Avenue | |
| Philadelphia, PA 19124 | |
| | |
| ROGER BILLUPS | |
| 3901 Whitaker Avenue | |
| Philadelphia, PA 19124 | |
| | |
| MICHAEL CURET | |
| 3901 Whitaker Avenue | |
| Philadelphia, PA 19124 | |
| | |
| JOHN DOE (1-10) | |
| | |
| ABC CORPORATION (1-10) | |
| | |
| Defendants. | |

Case ID: 260100078

## NOTICE TO DEFEND

### NOTICE

**You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.**

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the offices set forth below to find out where you can get legal help.*

> **Philadelphia Bar Association**
> **Lawyer Referral and**
> **Information Service**
> **Jefferson Tower, 1101 Market Street**
> **Philadelphia, PA 19107**
> **(215) 238-6333**

### AVISO

**Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas ezpuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y enregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones De esta demanda.  Usted puede perder dinero o sus** *propiedades u ostros derechos importantes para usted.*

> *Lleve esta demanda a un abogadoimmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede Conseguir asistencia legal.*
> **Association De Licenciados**
> **De Filadelfoa**
> **Servicio De Referencia E**
> **Information Legal**
> **Jefferson Tower, 1101 Market Street**
> **Filadelfia, Pennsylvania 19107**
> **(215) 238-6333**

Case ID: 260100078

**Austin R. Freundlich, Esquire (I.D. # 205670)**
**A. Dalton Spitznogle, Esquire (I.D. # 336605)**
**Gregory C. Littman, Esquire (I.D. # 306806)**

**Freundlich & Littman, LLC**
**1425 Walnut Street, Suite 200**
**Philadelphia, PA 19102**
**(215) 545-8500**

NOTICE TO PLEAD: You are hereby given Notice to file a written response to the Complaint within 20 days or suffer Judgment by Default.

**Attorneys for Plaintiffs**

---

| | |
|---|---|
| JOHN DOE<br><br>              Plaintiffs,<br><br>      v.<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>PHILADELPHIA POLICE DEPARTMENT<br>400 N. Broad Street<br>Philadelphia, PA 19130<br><br>EAST DETECTIVES<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124<br><br>GREG KOVAKS<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124<br><br>MATTHEW HAGY<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124<br><br>ROGER BILLUPS<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124<br><br>MICHAEL CURET<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124<br><br>JOHN DOE (1-10)<br><br>ABC CORPORATION (1-10)<br><br>           Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>Case No.<br><br><br>JURY TRIAL DEMANDED |

3

Case ID: 260100078

## CIVIL ACTION COMPLAINT

Plaintiff, John Doe, by and through their undersigned attorneys, Freundlich & Littman, LLC, hereby files this Civil Action Complaint against Defendants, City of Philadelphia, Philadelphia Police Department, East Detectives, Greg Kovaks, Matthew Hagy, Roger Billups, Michael Curet, John Doe (1-10), and ABC Corporation (1-10) (collectively "Defendants"), and in support thereof, avers as follows:

## PARTIES

1.    Plaintiff, John Doe, ("Plaintiff"), is an adult who presently resides in the Commonwealth of Pennsylvania.

2.    Defendant, City of Philadelphia, is a local municipal agency with its principal business address located at 1515 Arch Street, Philadelphia, PA 19130.

3.    Defendant, Philadelphia Police Department, is a local municipal agency with its headquarters located at 400 N. Broad Street, Philadelphia, PA 19121.

4.    Defendant, East Detectives, is a local agency with its principal business address located at 3901 Whitaker Avenue, Philadelphia, PA 19124.

5.    Defendant, Greg Kovaks, ("Detective Kovak"), is an adult and detective who at all relevant times, worked at East Detectives located at 3901 Whitaker Avenue, Philadelphia, PA 19124.

6.    Defendant, Matthew Hagy, ("Detective Hagy"), is an adult and detective who at all relevant times, worked at East Detectives located at 3901 Whitaker Avenue, Philadelphia, PA 19124.

7.    Defendant, Roger Billups, ("Detective Billups"), is an adult and detective who at all relevant times, worked at East Detectives located at 3901 Whitaker Avenue, Philadelphia, PA 19124.

4

Case ID: 260100078

8. Defendant, Michael Curet, ("Detective Curet"), is an adult and detective who at all relevant times, worked at East Detectives located at 3901 Whitaker Avenue, Philadelphia, PA 19124.

9. Defendants, John Doe (1-10), are fictitious individuals whose identities are currently unknown, but at all times relevant hereto worked for Defendants as agents, servants, employees, and/or independent contractors and/or were otherwise responsible for damages sustained by Plaintiff.

10. Defendants, ABC Corporation (1-10), are corporations and/or other business entities whose identities are currently unknown, but at all times relevant hereto were hired by Defendants as agents, servants, employees, and/or independent contractors and/or were otherwise responsible for damages sustained by Plaintiff.

## JURISDICTION AND VENUE

11. Plaintiff incorporates the prior paragraphs as if fully set forth herein.

12. This Honorable Court has subject matter jurisdiction over this action pursuant to 42 Pa. C.S. § 931.

13. This Honorable Court has personal jurisdiction over Defendants pursuant to 42 Pa. C.S. § 5301 (entities inside the Commonwealth) and/or 42 Pa. C.S. § 5322 (entities outside the Commonwealth).

14. Venue is proper in this Court because the conduct giving rise to this litigation took place in Philadelphia County, Pennsylvania.

15. The amount in controversy is in excess of $50,000.00.

Case ID: 260100078

## FACTS

16.     Plaintiffs incorporate the prior paragraphs as if fully set forth herein.

17.     During early 2024, Plaintiff had a partner, S.T. ("S.T.") who began exhibiting unstable, abusive, and unpredictable behavior.

18.     On or about March 28, 2024, Plaintiff requested S.T. to leave his home which he shared with his six year old daughter, and where S.T. did not reside.

19.     After S.T. refused to leave Plaintiff's home, Plaintiff called the police in order to have her removed from his home.

20.     Immediately after Plaintiff called the police, S.T. called the police and falsely reported that she was being abused by Plaintiff.

21.     Eventually, the Philadelphia Police Department arrived at Plaintiff's home and informed him that they could not force her to leave his home.

22.     At no point during this visit did the Philadelphia Police Department find any evidence that Plaintiff abused S.T..

23.     On or about April 4, 2024, S.T. attempted to enter Plaintiff's home.

24.     After Plaintiff denied S.T. entry into the home, S.T. called the police and a locksmith to drill the front door lock.

25.     Once the locksmith began drilling the front door lock of Plaintiff's home, Plaintiff called the police to report the break-in.

26.     Upon arriving at Plaintiff's premises, the police advised Plaintiff to obtain a Protection from Abuse ("PFA") order against S.T., and a police report was filed.

27.     Shortly after this incident, S.T. began engaging in a pattern of illegal and tortious conduct designed to detrimentally impact Plaintiff's life and business.

6

Case ID: 260100078

28.     In or about May or June 2024, S.T. went to the Philadelphia Police Department and falsely reported that Plaintiff had raped her.

29.     On or about June 5, 2024, Plaintiff became aware of a call that S.T. made to the Pennsylvania Department of Human Services ("DHS") during which she made false accusations against Plaintiff.

30.     On or about that same day, Plaintiff learned that S.T. filed a frivolous PFA against him.

31.     On or about June 11, 2024, Plaintiff became aware of a defamatory website that S.T. made and sent to his employer.

32.     On or about that same date, Plaintiff went to the Philadelphia Police Department, 26th District, and filed a police report due to the defamatory website.

33.     On or about June 22, 2024, a DHS representative went to Plaintiff's home and began questioning Plaintiff and his daughter, and performed a walkthrough of the home.

34.     During this visit, Plaintiff provided the DHS representative with evidence reflecting S.T.'s ongoing and continuous harassment, including video evidence in which S.T. admits her claims against him were false.

35.     On or about June 24, 2024, Plaintiff went to the Philadelphia Police Department, 26th District, and filed a Domestic Violence police report against S.T.

36.     During this visit, the Philadelphia Police Department escalated Plaintiff's complaint to the East Detectives, who in turn advised Plaintiff to report this incident to the District Attorney's Office.

37.     The following day, on June 25, 2024, Plaintiff reported to the District Attorney's Office in an attempt to file a complaint per the advice of the East Detectives; however, the District

Case ID: 260100078

Attorney's Office refused to let Plaintiff in the building and refused to allow him to file a complaint.

38.    After leaving the District Attorney's Office, Plaintiff once again reported to the Philadelphia Police Department, 26th District, and filed a police report based on the additional actions of S.T.

39.    After making this police report, Plaintiff agreed to sit for a recorded interview with Detective Kovak, and described to him the events that had taken place.

40.    Plaintiff also notified Defendants multiple times that he had video evidence and eyewitnesses to show without any doubt that the PFA filed by S.T. was completely false; these pleas were ignored.

41.    Two days later, on or about June 27, 2024, Plaintiff discovered that S.T. unlawfully accessed his accounts and sent herself Plaintiff's business contacts.

42.    Once again, Plaintiff contacted law enforcement and filed a police report.

43.    On or about July 3, 2024, Detective Hagy called Plaintiff and advised him that he had spoken with S.T., and Detective Hagy confirmed S.T. would cease her disruptive behavior.

44.    On or about that same day, Plaintiff learned S.T. had a prior criminal record as a result of breaking a prior PFA.

45.    Once again, on or about July 9, 2024, a representative from the DHS returned to Plaintiff's house, and Plaintiff provided the DHS representative additional evidence of S.T.'s tortious and criminal conduct.

46.    That same day, S.T. begins sending defamatory messages to Plaintiff's contacts, and Plaintiff filed another police report in response.

Case ID: 260100078

47.    The following day, on or about July 10, 2024, Plaintiff finally is able to have a temporary PFA against S.T. granted.

48.    On or about August 14, 2024, S.T. filed a false police report claiming Plaintiff violated the PFA against him by texting her threatening messages.

49.    The text messages S.T. used to support her false police report were sent from a phone number not associated with Plaintiff.

50.    Once again, on August 27, 2024, S.T. filed a false police report claiming Plaintiff violated the PFA by standing outside of her apartment and threatening her.

51.    During Plaintiff's conversation with Defendants, Plaintiff warned Defendants that S.T. would file false police reports against Plaintiff.

52.    On or about September 6, 2024, after having conducted zero investigative work, other than taking down the words of S.T., who Defendants knew that she was spreading obvious lies about Plaintiff through slanderous websites and by texting Plaintiff's contacts, and had a history of being an abuser, Defendants obtained and executed a warrant to arrest Plaintiff.

53.    At the time of Plaintiff's arrest, Defendants maliciously approached Plaintiff in the morning, when Defendants and S.T. knew he would be with his daughter, and handcuffed and arrested Plaintiff while his six-year-old daughter was forced to watch.

54.    As a result of Defendants' failure to confirm or deny the validity of S.T.'s claims, Plaintiff was forced to spend twenty-four hours in jail.

55.    Upon information and belief, Defendants deliberately and/or recklessly omitted exculpatory evidence when requesting the arrest warrant for Plaintiff.

Case ID: 260100078

56.    Upon information and belief, Defendants relied on a police officer's statements or material omissions made knowingly, intentionally, or with reckless disregard for the truth in order to obtain a warrant and arrest Plaintiff.

57.    Prior to issuing and executing the warrant for Plaintiff's arrest, Defendants made no attempt to speak with Plaintiff despite three months of communication and cooperation.

58.    Prior to issuing and executing the warrant for Plaintiff's arrest, Defendants made no attempt to verify the validity of S.T.'s claims.

59.    Prior to issuing and executing the warrant for Plaintiff's arrest, Defendants made no attempt to reference the many police reports Plaintiff filled out with the Philadelphia Police Department or the PFA he obtained in an effort to protect himself from S.T.'s behavior and conduct, such as stealing Plaintiff's mailbox key, intercepting Plaintiff's mail, and changing her license to Plaintiff's address in an effort to evict him from his home.

60.    Prior to issuing and executing the warrant for Plaintiff's arrest, Defendants—out of a desire to not perform investigative work—made no efforts to look into Plaintiff's background and history, which would have revealed the following:

    i.    Plaintiff has had no prior encounters with law enforcement;

    ii.    Plaintiff is a successful entrepreneur; and

    iii.    Plaintiff is a professor at a university.

61.    However, because of Defendants' desire to forego performing investigative work, Plaintiff was now thrown into jail with violent, mentally unstable, and unpredictable criminals.

62.    Defendants likewise made no attempt to conduct even a rudimentary investigation into the obviously false statements made by S.T., such as confirming whether the fake phone numbers were even associated with Plaintiff.

Case ID: 260100078

63.   S.T.'s statements when viewed in light of her history of abuse, prior PFAs against her for similar conduct, the many police reports Plaintiff made, and the PFA Plaintiff had against S.T. raises immediate and glaring red flags for even the most inexperienced police officer.

64.   Defendants took no steps to investigate the inherently unbelievable accusations made by S.T., who had a history of abuse, and multiple police reports and PFAs filed against her.

65.   At the aforesaid date, time, and location, probable cause to arrest Plaintiff did not exist.

66.   At the aforesaid date, time, and location, probable cause did exist to arrest S.T. for making false statements to authorities.

67.   The aforementioned arrest was unlawful.

68.   Not long after Plaintiff was arrested, S.T. ultimately admitted to all false reports and criminal actions through signed affidavit and video recorded testimony.

69.   Shortly after these admissions were obtained, the criminal charges against Plaintiff were dismissed by the Philadelphia District Attorney's office.

70.   There existed no lawful reason for which Plaintiff could have been imprisoned.

71.   As a result of the aforementioned unlawful arrest, imprisonment, and malicious prosecution, Plaintiff was imprisoned for twenty-four hours.

72.   As a result of the aforementioned malicious prosecution, Plaintiff was forced to miss time from work.

73.   As a result of the aforementioned malicious prosecution, Plaintiff was forced to delay significant new business ventures.

74.   As a result of the aforementioned malicious prosecution, Plaintiff, a member of good standing and a pillar of his community, has been embarrassed, and suffered irreparable harm to his reputation and standing in the community.

Case ID: 260100078

75. As a result of the aforementioned malicious prosecution, Plaintiff's minor daughter suffered from emotional trauma associated with seeing her father taken away in handcuffs and having his reputation smeared in the community.

76. Plaintiff, having to see his daughter experience such emotional trauma, did suffer further pain, suffering, and emotional distress as a direct and proximate result of the malicious prosecution.

77. As a result of the continued inaction, disregard of Plaintiff's documented reports, and failure by responsible authorities to meaningfully investigate or intervene despite escalating evidence, Plaintiff suffered significant emotional distress and ongoing anxiety.

78. Specifically, Plaintiff feared continued unlawful detention and future baseless accusations, experienced humiliation from the prior arrest, endured a persistent loss of trust in the systems intended to protect his rights and liberty, and caused substantial disruption to his personal, parental, and professional life.

### COUNT I – MALICIOUS PROSECUTION
**Plaintiffs v. Defendants**

79. Plaintiff incorporates the previous paragraphs as if fully set forth herein.

80. Defendants, jointly and/or severally, initiated and/or caused a criminal proceeding to be initiated against Plaintiff.

81. The aforementioned criminal proceeding ended in Plaintiff's favor.

82. Defendants had no probable cause to believe that Plaintiff had committed a crime.

83. Defendants failed to disclose all exculpatory evidence when requesting Plaintiff's arrest warrant.

84. At all relevant times, Defendants acted with actual malicious purpose and/or for a purpose other than bringing Plaintiff to justice.

Case ID: 260100078

85.    At all relevant times, Defendants acted with ill will in the sense of spite toward Plaintiff.

86.    At all relevant times, Defendants acted with ill will in the sense that it lacked or should have lacked the belief in the propriety of Plaintiff's prosecution.

87.    At all relevant times, Defendants acted with ill will since its arrest of Plaintiff was for an extraneous improper purpose.

88.    Defendants took no steps to investigate the clearly spurious claims of S.T. before initiating a criminal proceeding against Plaintiff.

89.    Defendants had no probable cause to initiate a criminal proceeding against Plaintiff.

90.    Defendants' acts in causing a criminal proceeding to be initiated against Plaintiff constituted actual malice.

91.    Defendants' initiation of a criminal proceeding against Plaintiff was not done with the purpose of bringing Plaintiff to justice.

92.    In light of Defendants' intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and/or severally, in an amount in excess of $50,000.00, for all properly available damages under each and any of the claims set forth herein, together with compensatory damages, punitive damages, costs, interest, and any other relief this Honorable Court deems just and equitable.

### COUNT II – FALSE ARREST/FALSE IMPRISONMENT
**Plaintiffs v. Defendants**

93.    Plaintiff incorporates the previous paragraphs as if fully set forth herein.

94.    Defendants, jointly and/or severally, initiated and/or caused a criminal proceeding to be initiated against Plaintiff.

Case ID: 260100078

95.     As a result of Defendants' conduct in initiating and/or causing a criminal proceeding to be initiated against Plaintiff, Plaintiff was detained and incarcerated for twenty-four hours.

96.     Defendants had no probable cause to believe that Plaintiff had committed a crime.

97.     Defendants failed to disclose all exculpatory evidence when requesting Plaintiff's arrest warrant.

98.     Defendants took no steps to investigate the clearly spurious claims of S.T. before arresting Plaintiff.

99.     At the time of Plaintiff's arrest, a reasonable officer would have known the clearly spurious claims of S.T. were false.

100.    Defendants had no probable cause to arrest Plaintiff.

101.    Defendants' act in arresting Plaintiff constituted actual malice.

102.    Defendants' act in arresting Plaintiff was not done with the purpose of bringing Plaintiff to justice.

103.    Plaintiff's detainment and/or incarceration by Defendants was unlawful.

104.    In light of Defendant' intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and/or severally in an amount in excess of $50,000.00, for all properly available damages under each and any of the claims set forth herein, together with compensatory damages, punitive damages, costs, interest, and any other relief this Honorable Court deems just and equitable.

Case ID: 260100078

## COUNT III – MALICIOUS PROSECUTION UNDER § 1983
### Plaintiffs v. Defendants

105.    Plaintiff incorporates the previous paragraphs as if fully set forth herein.

106.    Defendants, jointly and/or severally, initiated and/or caused a criminal proceeding to be initiated against Plaintiff.

107.    The aforementioned criminal proceeding ended in Plaintiff's favor.

108.    Defendants had no probable cause to believe that Plaintiff had committed a crime.

109.    Defendants failed to disclose all exculpatory evidence when requesting Plaintiff's arrest warrant.

110.    At all relevant times, Defendants acted with actual malicious purpose and/or for a purpose other than bringing Plaintiff to justice.

111.    At all relevant times, Defendants acted with ill will in the sense of spite toward Plaintiff.

112.    At all relevant times, Defendants acted with ill will in the sense that it lacked or should have lacked the belief in the propriety of Plaintiff's prosecution.

113.    At all relevant times, Defendants acted with ill will since its arrest of Plaintiff was for an extraneous improper purpose.

114.    Defendants took no steps to investigate the clearly spurious claims of S.T. before initiating a criminal proceeding against Plaintiff.

115.    Defendants had no probable cause to initiate a criminal proceeding against Plaintiff.

116.    Defendants' acts in causing a criminal proceeding to be initiated against Plaintiff constituted actual malice.

117.    Defendants' initiation of a criminal proceeding against Plaintiff was not done with the purpose of bringing Plaintiff to justice.

Case ID: 260100078

118.   In light of Defendants' intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and/or severally, in an amount in excess of $50,000.00, for all properly available damages under each and any of the claims set forth herein, together with compensatory damages, punitive damages, costs, interest, and any other relief this Honorable Court deems just and equitable.

## COUNT IV – FALSE ARREST/FALSE IMPRISONMENT UNDER § 1983
### Plaintiffs v. Defendants

119.   Plaintiff incorporates the previous paragraphs as if fully set forth herein.

120.   Defendants, jointly and/or severally, initiated and/or caused a criminal proceeding to be initiated against Plaintiff.

121.   As a result of Defendants' conduct in initiating and/or causing a criminal proceeding to be initiated against Plaintiff, Plaintiff was detained and incarcerated for twenty-four hours.

122.   Defendants had no probable cause to believe that Plaintiff had committed a crime.

123.   Defendants failed to disclose all exculpatory evidence when requesting Plaintiff's arrest warrant.

124.   Defendants took no steps to investigate the clearly spurious claims of S.T. before arresting Plaintiff.

125.   At the time of Plaintiff's arrest, a reasonable officer would have known the clearly spurious claims of S.T. were false.

126.   Defendants had no probable cause to arrest Plaintiff.

127.   Defendants' act in arresting Plaintiff constituted actual malice.

128.   Defendants' act in arresting Plaintiff was not done with the purpose of bringing Plaintiff to justice.

16

Case ID: 260100078

129. Plaintiff's detainment and/or incarceration by Defendants was unlawful.

130. In light of Defendant' intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and/or severally in an amount in excess of $50,000.00, for all properly available damages under each and any of the claims set forth herein, together with compensatory damages, punitive damages, costs, interest, and any other relief this Honorable Court deems just and equitable.

## COUNT V – GROSS NEGLIGENCE UNDER § 1983
### Plaintiffs v. Defendants

131. Plaintiff incorporates the previous paragraphs as if fully set forth herein.

132. At all relevant times, Defendants owed Plaintiff a duty to refrain from violating Plaintiff's Constitutional Rights.

133. Plaintiff's damages were caused solely by the actions and/or inactions of Defendants and not by the actions and/or inactions of Plaintiff.

134. As a direct and proximate cause of the joint and several gross negligence of Defendants, Plaintiff has been caused to suffer damages..

135. The gross negligence of Defendants and their breach of their duty of care owed to Plaintiff consisted of the following:

    i. Failure to investigate the inherently unbelievable accusations made by S.T. prior to obtaining a warrant and arresting Plaintiff;

    ii. Failure to investigate S.T.'s history of abuse prior to obtaining a warrant and arresting Plaintiff;

    iii. Failure to disclose all exculpatory evidence when requesting Plaintiff's arrest warrant;

17

Case ID: 260100078

    iv.    Failure to consider multiple police reports filed against S.T. prior to obtaining a warrant and arresting Plaintiff;

    v.    Failure to consider the multiple PFAs filed against S.T. prior to obtaining a warrant and arresting Plaintiff;

    vi.    Failing to utilize reasonable care in the investigation of S.T.'s claims against Plaintiff;

    vii.    Failing to exercise due care under the circumstances;

    viii.    Failure to confirm the whether the fake phone numbers S.T. alleges Plaintiff contacted her from were even associated with Plaintiff prior to obtaining a warrant and arresting Plaintiff;

    ix.    Failure to obtain probable cause prior to obtaining a warrant and arresting Plaintiff;

    x.    Failure to consider Plaintiff's background prior to determining the credibility of S.T.'s statements; and

    xi.    Failure to consider Plaintiff's background prior obtaining a warrant and arresting Plaintiff.

136.    As a direct and proximate result of Defendants' gross negligence, Plaintiff was deprived of his Constitutional rights and has in the past, is presently, and will in the future continue to experience pain, suffering, embarrassment, humiliation, lost wages, loss of earning capacity, medical expenses, out of pocket expenses, and mental anguish and grief, all to his great detriment and loss.

Case ID: 260100078

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount in excess of $50,000.00, for all properly available damages under each and any of the claims set forth herein, together with compensatory damages, costs, interest, and any other relief this Honorable Court deems just and equitable.

## COUNT VI – GROSS NEGLIGENT HIRING, TRAINING, & RETENTION UNDER § 1983
### Plaintiffs v. Defendants

137.  Plaintiff incorporates the previous paragraphs as if fully set forth herein.

138.  At all relevant times, Defendants owed Plaintiff a duty to refrain from violating Plaintiff's Constitutional Rights.

139.  Plaintiff's damages were caused solely by the actions and/or inactions of Defendants and not by the actions and/or inactions of Plaintiff.

140.  At all relevant times, Defendants knew or should have known the employee(s) and/or agent(s) who were working for them were unqualified and unfit to do so.

141.  As a direct and proximate cause of the joint and/or several gross negligence of Defendants in their failure to take necessary measures to hire, retain, and/or train qualified and competent employees and agents who were able to properly perform the duties required by their job, Plaintiff has been caused to suffer damages.

142.  The gross negligence of Defendants and their breach of their duty of care owed to Plaintiff consisted of the following:

    i.  Selecting its employees, workmen and/or supervisors in a grossly negligent manner;

Case ID: 260100078

ii.   Hiring and employing  grossly negligent agents, servants, workmen, employees and/or sub-contractors that Defendants knew or should have known were not competent and who could not properly perform their job duties;

iii.  Failing to conduct thorough background checks, including criminal history, verifying employment history, or past incidents of misconduct;

iv.   Failing to train their agents, servants, employees, and/or independent contractors to disclose all exculpatory evidence when requesting an arrest warrant;

v.    Failing to take corrective action to retrain and/or terminate their employees for past incidents of misconduct;

vi.   Failing to contact previous employers or references to gain insights into the character and performance of the company and its agents, servants, employees, and/or independent contractors;

vii.  Failing to test or evaluate their agents, servants, employees, and/or independent contractors;

viii. Failing to exercise due care under the circumstances;

ix.   Failure to remedy the wrongful conduct of their agents, servants, employees, and/or independent contractors after learning of the wrongful conduct;

x.    Enacting and/or enforcing policies and customs under which unconstitutional practices occur;

xi.   Mismanage subordinates in a grossly negligent manner;

xii.  Failing to provide adequate training for those involved in the hiring process and for those who were retained by Defendants; and

20

Case ID: 260100078

xiii.    Failing to consider whether the background of their agents, servants, employees, and/or independent contractors is appropriate for the specific demands of the job.

143.    As a direct and proximate result of Defendants' gross negligence, Plaintiff was deprived of his Constitutional rights and has in the past, is presently, and will in the future continue to experience pain, suffering, embarrassment, humiliation, lost wages, loss of earning capacity, medical expenses, out of pocket expenses, and mental anguish and grief, all to his great detriment and loss.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and/or severally in an amount in excess of $50,000.00, for all properly available damages under each and any of the claims set forth herein, together with compensatory damages, punitive damages, costs, interest, and any other relief this Honorable Court deems just and equitable.

Respectfully Submitted,

**Freundlich & Littman, LLC**

**Dated:**  January 2, 2026            **By:**    _/s/ Dalton Spitznogle_
                                                      A. Dalton Spitznogle, Esq.

21

Case ID: 260100078

## **VERIFICATION**

I, John Doe, certify that I am the Plaintiff in the within action, and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.


**Dated:** 12 - 19 - 25

_John Doe_
**John Doe**

22