**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **JOHN DOE,**<br>        *Plaintiff,*<br><br>        **v.**<br><br>**CITY OF PHILADELPHIA,** *et al.*,<br>        *Defendants.* | **Civil No. 26-465** |

## <u>MEMORANDUM</u>

**Costello, J.**                                                                                   **August 13, 2026**

Plaintiff sued the City of Philadelphia, several individual defendants, numerous "John Does," and ten unidentified corporations alleging civil rights violations stemming from Plaintiff's arrest for violating a protection from abuse order.  Plaintiff alleged that his former partner made false and defamatory sexual assault allegations against him.  He further alleged Defendants arrested him even though they "had no reason to believe the veracity of the inherently unbelievable accusations made" by his former partner.  Second Amended Compl., ECF No. 12 ¶ 69.  Eventually, the charges against Plaintiff were dismissed and Plaintiff was "cleared of all wrongdoing."  Motion to Proceed Anonymously, ECF No. 9 ¶ 89.  Given the nature of the accusations, Plaintiff moved to proceed anonymously in this litigation.  Defendants opposed the motion.  Because Plaintiff contends that the accusations against him were obviously untrue and that he was cleared of any wrongdoing, Plaintiff has failed to show that his subjective fear of harm from disclosure of his identity in this litigation outweighs the public right of access to judicial proceedings.  Accordingly, the Court will deny Plaintiff's motion.

## I.    BACKGROUND

According to Plaintiff, the trouble started when he asked his former partner ("S.T.") to leave his home after she became "unstable, abusive, and unpredictable."  ECF No. 12 ¶¶ 15-16. When S.T. refused to leave, Plaintiff called the police.  *Id.* ¶ 17.  Immediately after that, S.T. called the police and falsely reported that Plaintiff was abusing her.  *Id.* ¶ 18.  Afterward, S.T. "began engaging in a pattern of illegal and tortious conduct designed to detrimentally impact Plaintiff's life and business."  *Id.* ¶ 25.  Among other things, S.T. reported to the police that Plaintiff had raped her.  *Id.* ¶ 26.  S.T. also obtained a PFA against Plaintiff.  *Id.* ¶ 28.  In addition, S.T. made false allegations to the Department of Human Services regarding Plaintiff's treatment of his child.  *Id.* ¶¶ 27, 32.  S.T. created "defamatory websites and social media accounts" and sent them to Plaintiff's employer.  *Id.* ¶ 29.  The accounts and websites "were designed to frame Plaintiff for domestic violence, sexual assault, child abuse," and suggested that Plaintiff was sexually interested in underage girls.  *Id.* ¶ 30.  Next, S.T. made two false police reports claiming Plaintiff had violated the PFA.  *Id.* ¶¶ 53-54.  As a result of these reports, police officers arrested Plaintiff.  *Id.* ¶ 58.  Plaintiff claimed he was arrested without probable cause and that no "prudent person" would have believed S.T.'s reports that he violated the PFA.  *Id.* ¶¶ 60-61.  Subsequently, S.T. recanted her false reports against Plaintiff and Plaintiff's charges were dismissed.  *Id.* ¶¶ 72-73.  Specifically, S.T. "admitted in a signed affidavit and video recording that all the reports and claims she made against Plaintiff were false."  ECF No. 9 ¶ 88.  Thus, Plaintiff "has already been cleared of all wrongdoing."  *Id.* ¶ 89.

Given "the nature of the false allegations and fabricated evidence" that led to his allegedly malicious prosecution, Plaintiff has requested permission to proceed with his lawsuit anonymously "to avoid the public believing these defamatory allegations."  *Id.* ¶ 17.  He claims

that he owns daycare centers and teaches university classes and that disclosure of his identity

would cause "irreparable harm to his professional reputation." *Id.* ¶¶ 6-7, 30. More specifically,

Plaintiff claims that although S.T.'s reports against him were shown to be false, the nature of

S.T.'s allegations "would deter parents from placing their child in one of Plaintiff's daycares"

and "Plaintiff's daycares would go out of business." *Id.* ¶¶ 39-40. In addition, S.T.'s false

allegations could come up on background checks performed by university administrators causing

Plaintiff to lose teaching opportunities. *Id.* ¶¶ 42-44. In short, the disclosure of Plaintiff's

identity in this litigation would result in public stigma and irreparable harm. *Id.* ¶ 48.

## II.    DISCUSSION

By rule, parties are required to identify themselves by name in pleadings. Fed. R. Civ. P.

10(a). This is because a plaintiff's use of a pseudonym conflicts with the public's right of access

to judicial proceedings. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Consequently, a party

may proceed anonymously only in "exceptional cases." *Id.* A showing of potential

embarrassment or economic harm is not sufficient. *Id.* (internal citation omitted). Instead, a

plaintiff must show a reasonable fear of severe harm. *Id.* (internal citation omitted).

Courts have found a reasonable fear of severe harm in cases involving deeply private

matters, such as abortion, birth control, and mental illness. *Id.* (citing *Doe v. Borough of

Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)). The nature of the allegations underlying this

matter—accusations of rape, child abuse, and pedophilia—present a risk of social stigma, which

could create a fear of severe harm. However, as stated above, Plaintiff's fear of severe harm

must be reasonable. Here, Plaintiff has not made that showing.

The premise of Plaintiff's lawsuit is that S.T.'s stigmatizing accusations were blatantly

and demonstrably false. In fact, Plaintiff alleged that no "prudent person" would have credited

the accusations that led to his arrest because they were "inherently unbelievable."  ECF No. 12

¶¶ 60-61, 69.  In addition, Plaintiff alleged that S.T. fully recanted the accusations and that he has

been "cleared of all wrongdoing."  ECF No. 9 ¶ 89.  If so, Plaintiff has no reasonable basis to

fear severe harm from disclosure of his identity in this litigation.  It is not reasonable for Plaintiff

to fear harm to his reputation and professional prospects from disclosure of recanted accusations

that he insists were never worthy of belief.  Accordingly, Plaintiff has not met his burden of

demonstrating a reasonable fear of severe harm.

Even if he had, his motion would still fail.  If a litigant establishes a reasonable fear of

severe harm, the Court must then determine whether Plaintiff's fear outweighs the public's

interest in open proceedings.  *Megless*, 654 F.3d at 408; *Doe v. Genesis HealthCare*, 535 F. Supp.

3d 335, 338-39 (E.D. Pa. 2021).  It is Plaintiff's burden to make this showing.  *Doe v. Trs. of the*

*Univ. of Pa.*, 26cv2472, 2026 WL 1497184, at *8 (E.D. Pa. May 27, 2026).  Plaintiff has not met

his burden.

The Third Circuit has articulated a "non-exhaustive list of factors" for district courts to

consider in weighing a plaintiff's fear of severe harm against the public's right of access to

judicial proceedings.  *Megless*, 654 F.3d at 409.

Factors in favor of anonymity include:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the
> bases upon which disclosure is feared or sought to be avoided, and the substantiality of
> these bases; (3) the magnitude of the public interest in maintaining the confidentiality of
> the litigant's identity; (4) whether, because of the purely legal nature of the issues
> presented or otherwise, there is an atypically weak public interest in knowing the
> litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous
> party and attributable to his refusal to pursue the case at the price of being publicly
> identified; and (6) whether the party seeking to sue pseudonymously has illegitimate
> ulterior motives."

*Id.* (internal citation omitted).

Factors disfavoring anonymity include:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.* (internal citation omitted). "The *Megless* factors require a fact-specific, case-by-case analysis." *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021).

Under the specific facts of this case, the factors weigh in favor of disclosure and against anonymity. The Court will begin its discussion by first analyzing the factors which, if met, favor anonymity.

Confidentiality of the Litigant. "This factor does not support anonymity where the litigant's identity has never been confidential." *Doe v. Pa. Dep't of Corr.*, 585 F. Supp. 3d 797, 803 (W.D. Pa. 2022); *see Megless*, 654 F.3d at 406-07, 410 (first factor favors disclosure where "countless people in the community" knew plaintiff's identity) (internal citation omitted). Here, there is no indication or allegation that Plaintiff's identity was kept confidential. On the contrary, Plaintiff's identity was publicly disclosed during his "repeated interactions with law enforcement, family court proceedings . . . and his underlying criminal case." Defendant's Response to Motion to Proceed Anonymously, ECF No. 11 at 4. Thus, Plaintiff is already publicly associated with S.T.'s false allegations. Therefore, this factor weighs against anonymity. *See Doe v. Port Auth. of Allegheny Cnty.*, 25cv558, 2025 WL 2926789, at *3 (W.D. Pa. Oct. 15, 2025) (first factor favors disclosure where plaintiff "used her actual name and contact information in her prior dealings with [defendant] regarding the issues in [her] case").

Bases for Fear of Disclosure. In assessing this factor, courts regularly conclude that a litigant's fear of social stigmatization relating to allegations of sexual assault is not sufficient to

5

support anonymity. *Doe v. Princeton Univ.*, 20cv4352, 2020 WL 3962268, at *3 (D.N.J. July 13, 2020) (citing *Doe v. Rider Univ.*, 16cv4882, 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018)); *see Megless*, 654 F.3d at 410. These courts reason that proceeding publicly will allow such litigants to clear their names. *Megless*, 654 F.3d at 410; *see Rider Univ.*, 2018 WL 3756950, at *5; *see also Doe v. Shao*, 24cv9972, 2025 WL 942929, at *3 (D.N.J. Mar. 28, 2025) (finding plaintiff could not reasonably fear association with claims involving media and internet exposure of sexual assault accusations). Plaintiff argues that he "does not need an opportunity to clear his name because" S.T. "admitted in a signed affidavit and video recording that all the reports and claims she made against Plaintiff were false." ECF No. 9 ¶¶ 87-88. Plaintiff further argues that he has "already been cleared of all wrongdoing." *Id.* ¶ 89. If Plaintiff has already cleared his name, as he claims, then there is no basis to fear any stigma or other harm arising from disclosure of his identity in this lawsuit. This factor therefore weighs against anonymity.

Public Interest in Maintaining Confidentiality. In evaluating this factor, courts assess whether "other similarly situated litigants [would] be deterred from litigating claims that the public would like to have litigated." *Megless*, 654 F.3d at 410. Plaintiff has not provided any information or reason to believe that similarly situated litigants were deterred from litigating malicious prosecution claims because of the fear of stigma resulting from disclosure of their identities. On the contrary, "claims for the violation of constitutional rights [are] routinely brought by parties under their own names." *Port Auth. of Allegheny Cnty.*, 2025 WL 2926789, at *3. This factor weighs against anonymity.

Nature of the Litigant's Allegations. In assessing this factor, courts "consider whether Plaintiff's claims are purely legal in nature, such that there is an 'atypically weak public interest in knowing the litigant's identity.'" *Doe v. Weintraub*, 23cv3252, 2023 WL 7928680, at *4 (E.D.

Pa. Nov. 16, 2023) (citing *Megless*, 654 F.3d at 409). Plaintiff's claim that Defendants maliciously prosecuted him is inherently fact sensitive. The key issue is whether law enforcement had sufficiently reliable information to charge Plaintiff. Resolving that issue will depend entirely on the nature of the facts known to law enforcement at the time of Plaintiff's arrest. Therefore, this factor weighs against anonymity.

The Litigant's Refusal to Litigate Publicly. In assessing this factor, courts consider whether a litigant will refuse to pursue the litigation if required to publicly identify himself. *Doe v. Lyft, Inc.*, 23cv3990, 2023 WL 8702729, *4 (E.D. Pa. Dec. 15, 2023). Here, Plaintiff claims he "would sacrifice his valid claim" if his motion is denied. ECF No. 9 ¶ 135. This factor therefore weighs in favor of anonymity.

Motives for Proceeding Anonymously. This factor favors anonymity because there is no evidence that Plaintiff has illegitimate motives. *See Doe v. Megless*, 10cv1008, 2010 WL 3076246, at *4 (E.D. Pa. Aug. 5, 2010) ("Illegitimate motives seek to give one party a tactical advantage and include the desire to impair a defendant's ability to defend himself, delay the litigation, or increase costs to the opposing party.") (internal citation omitted).

On balance, these factors weigh against anonymity. The Court will next discuss the factors which, if met, typically support disclosure.

Public Interest in the Litigant's Identity. The "universal level of public interest in access to the identities of litigants[,] . . . . always [weighs] in favor of disclosing Plaintiff's identity." *Port Auth. of Allegheny Cnty.*, 2025 WL 2926789, at *3-4; *see also Megless*, 654 F.3d at 411. Plaintiff argues that his fear of severe harm outweighs the 'universal' public right to access. ECF No. 9 ¶¶ 154-58. However, as stated above, Plaintiff has failed to establish a reasonable fear of severe harm given his allegations that no prudent person would believe S.T.'s inherently

7

unbelievable accusations and his claim that he has already been cleared of all wrongdoing. Therefore, this factor weighs in favor of disclosure.

Public Interest in the Subject of Litigation.  This factor favors disclosure because public "interest is heightened" where, as here, the defendants are public officials and government entities.  *Megless*, 654 F.3d at 411 (internal quotation omitted); *Weintraub*, 2023 WL 7928680, at *5; *see also Doe v. City of Philadelphia*, 23cv342, 2023 WL 4110064, at *5 (E.D. Pa June 21, 2023) (finding plaintiff's sexual harassment and assault claims against a detective and the City of Philadelphia are "likely to be of greater public interest"); *Doe v. U.S. Dept. of Transp.*, 22cv402, 2022 WL 1457785, at *3 (W.D. Pa. May 9, 2022) (noting the Third Circuit "principle that interest in the identities of litigants is heightened because Defendants are public officials and government bodies") (internal quotation omitted).

Motives for Opposing Anonymity.  This factor favors disclosure because there is no evidence that Defendants have illegitimate motives for opposing Plaintiff's motion.  *See* ECF No. 9 ¶¶ 175-77; *see Megless*, 2010 WL 3076246, at *4.

## III.    CONCLUSION

After balancing the relevant factors, the Court finds Plaintiff's desire for anonymity does not outweigh the public's interest in open proceedings.  The Court will deny Plaintiff's motion. An appropriate Order will follow.

BY THE COURT:

MARY KAY COSTELLO
United States District Judge

8