**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE,**<br>*Plaintiff,*<br><br>**v.**<br><br>**CITY OF PHILADELPHIA, *et al.*,**<br>*Defendants.* | **Civil No. 26-0465** |

# ORDER

**AND NOW**, this 24th day of August, 2026, upon consideration of Plaintiff's Motion for Reconsideration and/or Motion for a Protective Order (ECF No. 18), it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.[1]

---

[1] "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *In re Asbestos Prods. Liab. Litig*. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (internal quotations omitted). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). "The moving party bears a substantial burden, which cannot be satisfied through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'" *United States v. Cephalon, Inc*., 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (quoting *Young Jewish Leadership Concepts v. 939 HKH Corp*., 93cv2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)) (further citations omitted). "The moving party's mere disagreement with the Court's decision is not grounds for reconsideration." *Id.* (internal quotations omitted).

Plaintiff moves for reconsideration of the Court's opinion denying Plaintiff's motion to proceed anonymously. *See generally* ECF No. 18-1. Plaintiff argues that the Court "overlooked" certain facts in analyzing two of the several factors that courts apply in deciding motions to proceed anonymously. *See id.* at 6-7. But Plaintiff does not identify any new evidence that the Court overlooked in its analysis. *See id.* Nor does Plaintiff identify any legal error the Court committed in analyzing those two factors. *Id.* Rather, Plaintiff is simply rehashing the same arguments he raised in his initial motion because he disagrees with the Court's decision. Thus, Plaintiff has failed to identify any grounds warranting reconsideration under Rule 59(e), and his motion is denied.

**BY THE COURT:**

MARY KAY COSTELLO

Plaintiff moves in the alternative for a protective order to seal all filings on the docket. *See id.* at 7-8. There is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotations omitted). This common law right of access is "not absolute." *Id.* (internal quotations omitted). "The party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption" by demonstrating that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (internal quotations omitted).

Plaintiff has failed to satisfy that burden. Plaintiff argues that absent a protective order, he "will be publicly associated with gruesome, defamatory accusations" which will "cause Plaintiff to lose substantial monetary gain" and "lose teaching opportunities due to the false accusations." *Id.* at 8. These purported injuries are vague, conclusory, and speculative, and do not amount to the "clearly defined" injuries warranting a protective order. *See In re Avandia*, 924 F.3d at 672.

More fundamentally, these are the same injuries Plaintiff alleged he would incur in his initial motion to proceed anonymously, which the Court already considered and rejected. *See generally* ECF No. 16. As the Court explained, "Plaintiff has no reasonable basis to fear severe harm from disclosure of his identity in this litigation" because his claims are based on "recanted accusations that he insists were never worthy of belief." *Id.* at 3-4. Plaintiff cannot have it both ways. He cannot bring claims for malicious prosecution on the grounds that the allegations against him were so inherently implausible and false, while simultaneously seeking to shield those allegations from disclosure on the grounds that they will cause him irreparable harm. Plaintiff's alternative request for a protective order is accordingly denied.